**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

WM CAPITAL MANAGEMENT, INC. as successor
in interest to the Federal Deposit Insurance
Corporation, as Receiver for Edgebrook Bank,

Plaintiff,

v.

ROBERT J. STEJSKAL, LISA HAGADORN,
GLOBAL CASH NETWORK, INC., REPUBLIC
BANK, AN ILLINOIS BANKING CORPORATION,
RIVER PARK AT DIVERSEY CONDOMINIUM
ASSOCIATION, AN ILLINOIS NOT-FOR-PROFIT
CORPORATION, AND UNKNOWN OWNERS AND
NON-RECORD CLAIMANTS,

Defendants.

Case No.: 1:15-cv-8105

REPUBLIC BANK OF CHICAGO,

Counter-Plaintiff,

v.

WM CAPITAL MANAGEMENT, INC., as successor
in interest to the Federal Deposit Insurance
Corporation, as Receiver for Edgebrook Bank,
ROBERT J. STEJSKAL, LISA HAGADORN,
GLOBAL CASH NETWORK, INC., RIVER NORTH
414, LLC., PREMIUM THEMES, INC., RIVER
PARK AT DIVERSEY CONDOMINIUM
ASSOCIATION, an Illinois not for profit corporation,
UNKNOWN OWNERS AND NON-RECORD
CLAIMANTS,

Counter-Defendants.

# ROBERT J. STEJSKAL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Robert Stejskal ("Defendant Stejskal"), by and through his attorneys, Morrisroe & Associates, Ltd. and pursuant to Federal Rules of Civil Procedure 8(b) and 12(a), answer the Second Amended Complaint for Foreclosure and other Relief (Dkt. 87; the "SAC") of Plaintiff, WM Capital Management, Inc. ("WM").


## FACTS COMMON TO ALL COUNTS

*1.     On or about April 13, 2011, Edgebrook Bank made a loan to ROBERT J. Stejskal ("Stejskal") and GLOBAL CASH NETWORK, INC. ("Global," which together with Stejskal, are referred to herein as the "Borrowers") in the original principal amount of $825,000.00 (the "Original Stejskal Loan"). The Original Stejskal Loan is evidenced by a Promissory Note dated April 13, 2011, executed by Borrowers to the order of Edgebrook Bank in the principal amount of $825,000 (the "Original Stejskal Note", a copy of which is attached hereto as __Exhibit "A"__).*

**ANSWER:**     Defendant Stejskal admits the allegations contained in Paragraph 1.


*2.     On or about May 26,2011, June 25,2012, June 21, 2013, April 21, 2014, July 17, 2014, September 30, 2014 and December 30, 2014, Edgebrook Bank and the Borrowers modified the Original Stejskal Loan, to modify the amount of the Stejskal Loan to $1,325,000.00, and to modify the interest rate and maturity, as set forth more particularly by a Change In Terms Agreement, executed by Borrowers to the order of Edgebrook Bank on each such date (collectively, the "Change in Terms Agreements"). A true and correct copy of the Change in Terms Agreements is attached hereto as __Group Exhibit "B".__ The Original Stejskal Loan and Original Stejskal Note, as modified by the Change in Terms Agreements, are hereinafter collectively referred, respectively, as the "Stejskal Loan" and "Stejskal Note".*

**ANSWER:**     Defendant Stejskal admits the allegations contained in Paragraph 2.


*3.     The Stejskal Loan is secured by, inter alia, a Real Estate Mortgage and Assignment of Rents, dated July 17, 2014, executed by Defendant Lisa Hagedorn, in favor of Edgebrook Bank (respectively, the "Mortgage" and "Assignment of Rents") encumbering real estate located at 2208 W. Diversey, Unit C, Chicago, Illinois (the "Mortgaged Premises"). On July 23, 2014, the Mortgage and Assignment of Rents were recorded with the Recorder of Deeds in Cook County, Illinois as, respectively, Document Numbers 1420450037 and 1420450038. A true and correct copy of the Mortgage is attached hereto as __Exhibit "C".__*

**ANSWER:**     Defendant Stejskal admits that Exhibit C is a copy of the Mortgage

described in Paragraph 3. Defendant Stejskal denies that the Mortgage is valid and enforceable, and therefore deny any and all additional allegations contained in Paragraph 3 regarding liability. The Mortgage was released pursuant to a June 17, 2014 Terms Agreement between Edgebrook Bank ("Edgebrook") and Hagadorn.

4. *The Stejskal Loan is further secured by (i) a Commercial Security Agreement dated June 25, 2012, by Borrowers, in favor of Edgebrook Bank (the "**Global Security Agreement**", a true and correct copy of which is attached hereto as **Exhibit "D"**); and (ii) a Commercial Pledge Agreement dated June 25, 2012, by Global, in favor of Edgebrook Bank (the "**Global Pledge Agreement**", a true and correct copy of which is attached hereto as **Exhibit "E"** ).*

**ANSWER:** Defendant Stejskal admits that Exhibit D is a copy of the Global Security Agreement and that Exhibit E is a copy of the Global Pledge Agreement described in Paragraph 4. Defendant Stejskal denies that the Global Security Agreement and the Global Pledge Agreement are enforceable and thus deny any allegations as it pertains to liability.

5. *To induce Edgebrook Bank to make the Stejskal Loan, pursuant to the Global Pledge Agreement, Global pledged to Edgebrook Bank as collateral, fifty (50%) of Stejskal's ownership interest in Global, representing a total of 1,000 shares of Global, including, but not limited to, all dividends and other rights to payment payable to Stejskal in connection with such ownership interest (hereinafter, the "**Pledged Ownership Interest**").*

**ANSWER:** Defendant Stejskal admits that Stejskal pledged 50% of his then ownership interest in Global as collateral to Edgebrook. Defendant Stejskal denies all remaining allegations contained in Paragraph 5.

6. *Pursuant to the Global Security Agreement, Global granted a security interest to Edgebrook Bank in all inventory, chattel paper, accounts, equipment and general intangibles of Global (hereinafter, the "**Global Collateral**").*

**ANSWER:** The allegations contained in Paragraph 6 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations contained in Paragraph 6.

7.     *Edgebrook Bank filed UCC Financing Statements with the Illinois Secretary of State, pursuant to which it perfected its security interests in the Pledged Ownership Interest and the Global Collateral. A true and correct copy of the UCC Financing Statements are attached hereto as **Group Exhibit "F")***

**ANSWER:**    The allegation that a security interest was perfected states a legal conclusion to which no responsive pleading is required. Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7 and, therefore, denies the allegations contained in Paragraph 7.

8.     *Pursuant to the Stejskal Loan, the Borrowers were required to pay to Edgebrook Bank the outstanding principal balance of $1,325,000, plus accrued interest, on or before the maturity date of February 13, 2015.*

**ANSWER:**    The allegations contained in Paragraph 8 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations contained in Paragraph 8 that are inconsistent with the documents described in Paragraph 8.

9.     *Borrower has failed to pay the outstanding principal and interest due under the Stejskal Loan upon the maturity date. Such failure constitutes a Default under, inter alia, clause (1) of the "Default" paragraphs of the Stejskal Note and the Change in Terms Agreements, the Mortgage, the Global Security Agreement and Global Pledge Agreement.*

**ANSWER:**    The allegations contained in Paragraph 9 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal admits that Stejskal has paid no amounts to under the Stejskal Loan and deny all remaining allegations contained in Paragraph 9 that are inconsistent with the documents described in Paragraph 9.  Defendant Stejskal further states that Stejskal contests whether the

loan is valid and enforceable.

10.   *On May 8, 2015, Edgebrook Bank was closed by the Illinois Department of Financial and Professional Regulation Division of Banking, (hereinafter, "Division of Banking"), and the Federal Deposit Insurance Corporation, (hereinafter, "FDIC-Receiver"), was appointed as its receiver.*

**ANSWER:**   Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and, therefore, denies the allegations contained in Paragraph 10 and demands strict proof of same.

11.   *On August 28, 2015, the FDIC-Receiver sold and assigned all of its interests in the Stejskal Loan to the Plaintiff, WM Capital Management, Inc.*

**ANSWER:**   Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and, therefore, denies the allegations contained in Paragraph 11 and demands strict proof of same.

12.   *Without regard to any judgment obtained by the Plaintiff in this action, the Plaintiff expressly reserves all of its rights and remedies to proceed by separate action, at any time, against any of the defendants herein or other parties in connection with its mortgages, liens, security interests and other security for the indebtedness under the Stejskal Loan, or any other loans or obligations of any of the defendants herein to the Plaintiff. Nothing herein is intended to preclude the Plaintiff from pursuing such other rights and remedies as it may have with respect to the indebtedness under the Stejskal Loan, any personal guaranties, any security agreements or assignments of interests, any contracts, any other loans, notes, or obligations, and any collateral for such indebtedness under such documents or any other documents.*

**ANSWER:**   Paragraph 12 does not contain an allegation to which Defendant Stejskal can respond. To the extent an answer is required; Defendant Stejskal denies any allegations asserted in Paragraph 12.

## **THE PARTIES**

13.     *Plaintiff WM Capital Management, Inc. is a New York corporation, with its principal place of business in New York, NY.*

**ANSWER:**  Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and, therefore, denies the allegations contained in Paragraph 13.

14.     *Defendant Robert J. Stejskal is an individual, is a borrower under the Stejskal Loan and Stejskal Note, and is an Illinois citizen, domiciled in Illinois, and resides, upon information and belief, in Chicago, Illinois.*

**ANSWER:**  Defendant Stejskal admits the allegations contained in Paragraph 14.

15.     *Defendant Global Cash Network, Inc., is an Illinois corporation, having its principal place of business in Chicago, Illinois.*

**ANSWER:**     Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and, therefore, denies the allegations contained in Paragraph 15.

16.     *Defendant Lisa Hagadorn is an individual, and is an Illinois citizen, domiciled in Illinois and resides, upon information and belief, in Chicago, Illinois.*

**ANSWER:**     Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations contained in Paragraph 16.

17.     *Defendant, Republic Bank of Chicago ("Republic Bank") is Illinois banking corporation doing business in Cook County, Illinois.*

**ANSWER:**  Defendant Stejskal admits that Republic Bank does business in Cook

County. Defendant Stejskal lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17.

18.     *Defendant, River Park at Diversey Condominium Association, is an Illinois not-for-profit corporation ("River Park Association"), having its principal place of business in Chicago, Illinois.*

**ANSWER:**   Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations contained in Paragraph 18.

19.     *All unknown owners and non-record claimants in connection with the real property and personal property at issue are also named as defendants in this Complaint and are referred to herein as "Unknown Owners and Non-Record Claimants."*

**ANSWER:**   Paragraph 19 does not contain an allegation to which Defendant Stejskal can respond. To the extent an answer is required; Defendant Stejskal denies any allegations asserted in Paragraph 19.

**VENUE AND JURISDICTION**

20.     *Jurisdiction is proper under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and the Plaintiff is a citizen of a different state from the Defendants.*

**ANSWER:**   The allegations contained in Paragraph 20 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal admits that the amount in controversy exceeds $75,000 and that WM is a citizen of a different state than each of the Defendants, but lacks knowledge sufficient to admit or deny whether any unknown owners and/or non-record claimants are citizens of a different state than WM.

*21.    Venue is proper in this Court under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiffs [sic] claims occurred, or a substantial part of the real estate that is the subject of the action is situated in the Northern District of Illinois.*

**ANSWER:**   The allegations contained in Paragraph 21 state a legal conclusion to which no responsive pleading is required.

## COUNT I
## FORECLOSURE OF MORTGAGE
### (Against Lisa Hagadorn, Republic Bank of Chicago, River Park at Diversey Condominium Association, and Unknown Owners and Non-Record Claimants)

Defendant Stejskal does not respond to Count I because it is not named as a party to that Count and that Count is not directed against it.

## COUNT II
## BREACH OF CONTRACT
### (Against Robert Stejskal
### and Global Cash Network,
### Inc.)

*25.    The Plaintiff adopts and realleges paragraphs 1 through 24 above as though fully set forth and incorporated herein.*

**ANSWER:**    Defendant Stejskal adopts and realleges its answers to Paragraphs 1-21 as if fully set forth herein. Defendant Stejskal specifically states Paragraphs 22-24 were not directed at him as a named party.

*26.    Borrowers entered into a valid and enforceable contract when they executed the Stejskal Note and the Change in Terms Agreements (**Exhibits "A" and "B"**).*

**ANSWER:**   The allegations contained in Paragraph 26 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal denies all allegations contained in Paragraph 26 other than the fact that the borrowers

executed the Note and the Change in Terms Agreements.

27. *Pursuant to the Stejskal Note, as amended by the Change in Terms Agreements, Borrowers were required to pay principal and accrued interest upon the maturity date of February 13, 2015. Failure to timely make payment of principal and interest due under the Stejskal Note, as amended by the Change in Terms Agreements, when they became due constitute Defaults under the Stejskal Note, the Change in Terms Agreements, the Mortgage, the Global Pledge Agreement and the Global Security Agreement.*

**ANSWER:** The allegations contained in Paragraph 27 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal denies all allegations contained in Paragraph 27 that are inconsistent with the terms of

the documents described in Paragraph 27.

28. *Because Borrowers failed to timely pay the principal and interest when due under the Stejskal Note, as amended by the Change in Terms Agreements, Borrowers are in Default of its obligations under the said Note. (See **Exhibits "A" and "B"**, the "Default" paragraph, page 1).*

**ANSWER:** The allegations contained in Paragraph 28 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal denies all allegations contained in Paragraph 28 that are inconsistent with the terms of

the documents described in Paragraph 28.

29. *The Plaintiff has fully performed and fulfilled all of the terms and conditions of the Stejskal Note, as amended by the Change in Terms Agreements, which it agreed to perform and fulfill.*

**ANSWER:** The allegations contained in Paragraph 29 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in

Paragraph 29 and, therefore, denies the allegations contained in Paragraph 29.

30.     *The Plaintiff has been required to retain legal counsel for the prosecution of this Complaint and has been required to incur attorneys' fees, court costs and other enforcement costs as a result of Borrowers' failure to comply with its obligations under the Stejskal Note, as amended by the Change in Terms Agreements.*

**ANSWER:**   The allegations contained in Paragraph 30 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in

Paragraph 30 and, therefore, denies the allegations contained in Paragraph 30.

31.     *Pursuant to the Stejskal Note, as amended by the Change in Terms Agreements, the Plaintiff is entitled to the costs of collection on the Stejskal Note including reasonable attorneys' fees, costs and expenses and other enforcement costs.*

**ANSWER:**   The allegations contained in Paragraph 31 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal denies all allegations contained in Paragraph 31 that are inconsistent with the terms of

the documents described in Paragraph 31.

32.     *The Plaintiff has been damaged and continues to be damaged by Borrowers' breach of the Stejskal Note, as amended by the Change in Terms Agreements.*

**ANSWER:**   The allegations contained in Paragraph 32 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in

Paragraph 32 and, therefore, denies the allegations contained in Paragraph 32.

WHEREFORE, Defendant Stejskal respectfully requests that the Court enter judgment in its favor and against WM as to Count II of the Complaint, and that this Court award Defendant Stejskal its costs of suit.

## COUNT III
## FORECLOSURE OF LIENS AND SECURITY INTERESTS IN GLOBAL COLLATERAL and PLEDGED OWNERSHIP INTEREST
### (Against Robert Stejskal and Global Cash Network, Inc.)

33.     *Plaintiff adopts and realleges Paragraphs 1 through 32 above as though fully set forth and incorporated herein.*

**ANSWER:**   Defendant Stejskal adopts and realleges its answers to Paragraphs 1-32 as if fully set forth herein. Defendant Stejskal specifically states Paragraphs 22-24 were not directed at him as a named party.

34.     *Pursuant to the Global Security Agreement, Global granted to Edgebrook Bank, as collateral for the Stejskal Loan, a first lien and security interest in all inventory, chattel paper, accounts, equipment and general intangibles of Global (the "Global Collateral").*

**ANSWER:**   The allegations contained in Paragraph 34 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations contained in Paragraph 34.

35.     *Pursuant to the Global Pledge Agreement, Global pledged to Edgebrook Bank, as additional collateral for the Stejskal Loan, fifty (50%) of Stejskal's ownership interest in Global, representing a total of 1,000 shares of Global, including, but not limited to, all dividends and other rights to payment payable to Stejskal in connection with such ownership interest (the Pledged Ownership Interest").*

**ANSWER:**   Defendant Stejskal admits that Stejskal pledged 50% of his then ownership

interest in Global Cash Network as collateral to Edgebrook. Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 35 and, therefore, denies the remaining allegations contained in Paragraph 35.

36. *The liens and security interests held by Plaintiff, as successor in interest to Edgebrook Bank, in the Global Collateral and the Pledged Ownership Interest, are superior in priority to any liens, security interests or other interests of any of the defendants named herein, and are perfected pursuant to the UCC Financing Statements (**Exhibit "F"**).*

**ANSWER:** The allegations contained in Paragraph 36 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations contained in Paragraph 36.

37. *By the terms of the Global Security Agreement (**Exhibit "D"**) and the Global Pledge Agreement (**Exhibit ''E''**), Plaintiff is empowered to exercise all rights and remedies, including foreclosure against the Global Collateral and the Pledged Ownership Interest, granted to it under such documents and the law of Illinois.*

**ANSWER:** The allegations contained in Paragraph 37 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations contained in Paragraph 37 inconsistent with the Global Security Agreement and the Global Pledge Agreement.

38. *Plaintiff seeks to foreclose on its security interests in the Global Collateral and the Pledged Ownership Interest.*

**ANSWER:** Paragraph 38 does not contain an allegation to which Defendant Stejskal can respond. To the extent an answer is required, Defendant Stejskal admits that Plaintiff seeks to

foreclose on whatever interests it has in the Global Collateral and denies all remaining allegations contained in Paragraph 38.

39.     *The Borrowers are in default under the Global Security Agreement for, among other reasons, failure to make payments when due under the Stejskal Note, and by reason of such defaults, Plaintiff is entitled to foreclose on, and seize, all of the Global Collateral, including all rights to payment that Global may have in connection with the Global Collateral, from the date of default to present and continuing.*

**ANSWER:**   The allegations contained in Paragraph 39 state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 39 and, therefore, deny the allegations contained in Paragraph 39 to the extent they are inconsistent with the Global Security Agreement.

40.     *The Borrowers are in default under the Global Pledge Agreement for, among other reasons, failure to make payments when due under the Stejskal Note, and by reason of such defaults, Plaintiff is entitled to foreclose on, and seize, all of the Pledged Ownership Interest, including all rights to payment that Stejskal may have in connection with the Pledged Ownership Interest, from the date of default to present and continuing.*

**ANSWER:**   The allegations contained in Paragraph 40 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies the allegations contained in Paragraph 40.

41.     *Plaintiff has been required to retain legal counsel for the prosecution of this action and has been required to incur attorneys' fees, court costs and other expenses as a result of Borrowers' failure to comply with their obligations under the Stejskal Note.*

**ANSWER:**   The allegations contained in Paragraph 41 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal lacks knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations contained in Paragraph 41.

*42.    Pursuant to the Stejskal Note, the Global Security Agreement and the Global Pledge Agreement, Plaintiff is entitled to its attorneys fees, costs and expenses.*

**ANSWER:**   The allegations contained in Paragraph 42 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations contained in Paragraph 42 that are inconsistent with the documents described in Paragraph 40.

WHEREFORE, Defendant Stejskal respectfully requests that the Court enter judgment in its favor and against WM as to Count III of the Complaint, and that this Court award Defendant Stejskal its costs of suit.

## COUNT IV
## <u>FORECLOSURE OF LIENS AND SECURITY INTEREST IN THE ALTERNATIVE</u>
### (Global Cash Network, Inc., Republic Bank of Chicago and Robert J. Stejskal)

*43.    Plaintiff adopts and realleges Paragraphs 1 through 32 as though fully set forth and incorporated herein.*

**ANSWER:**   Defendant Stejskal adopts and realleges its answers to Paragraphs 1-32 as if fully set forth herein. Defendant Stejskal specifically states Paragraphs 22-24 were not directed at him as a named party.

*44.    At Paragraph 4 of Count III of its Amended Counterclaim, Republic Bank states, in part, as follows:*

*"Among the assets acquired by Republic Bank by virtue of the P&A Agreement, was, inter alia, the indebtedness of Global Cash Network, Inc ("Global Cash"), and the security therefore as more fully described below:*

> A. *Promissory Note dated November 30, 2010 in the original principal amount of $475,000 as made and executed by Global Cash payable to the order of Edgebrook Bank (the "Note");*
>
> B. *A Commercial Security Agreement dated November 30, 2010, by which Global Cash granted to Edgebrook Bank a security interest in all personal property described in said Commercial Security Agreement;*
>
> C. *Change in Terms Agreement dated September 30, 2014 by and between Global Cash and Edgebrook Bank;*
>
> D. *A UCC Financing Statement perfecting the security interest granted by Global Cash to Edgebrook Bank, as filed with the Illinois Secretary of State on December 3, 2010 as document No. 15816120;*
>
> E. *Amendment to UCC Financing Statement naming Republic Bank as secured party under the original UCC Financing Statement, filed on September 2, 2015 as document No. 09372256;*
>
> F. *UCC Continuation Statement continuing the perfected security interest in the personal property of Global Cash, as filed with the Illinois Secretary of State on September 1, 2015 as document No. 09372079."*

**ANSWER:** Paragraph 44 does not contain an allegation to which Defendant Stejskal can respond. To the extent an answer is required; Defendant Stejskal admits that Republic's Amended Counterclaim contains the cited allegations, except that in the original there are references to exhibits. To the extent Paragraph 44 implies the accuracy of the allegations, Defendant Stejskal denies such allegations.

45. *At Paragraph 5 of Count III of its Counterclaim, Republic Bank also states:*

> *"Pursuant to the Commercial Security Agreement, Global Cash pledged to Edgebrook Bank, inter alia, a first security interest in all inventory, chattel paper, accounts, equipment, general intangibles and other personal property described in said Commercial Security Agreement (the "Collateral")."*

**ANSWER:** Paragraph 45 does not contain an allegation to which Defendant Stejskal can respond. To the extent an answer is required; Defendant Stejskal admits that Republic's Counterclaim contains the cited allegations. To the extent Paragraph 45 implies the accuracy of the allegations, Defendant Stejskal denies such allegations.

46. *A copy of the Commercial Security Agreement to which Republic Bank refers ("Republic's Security Agreement") is attached hereto and incorporated herein as **Exhibit I**.*

**ANSWER:** Paragraph 46 does not contain an allegation to which Defendant Stejskal can respond. To the extent an answer is required; Defendant Stejskal admits that the Republic Security Agreement is attached to the SAC.

47. *Republic's Security Agreement contains a paragraph entitled "Cross- Collateralization", which states, in part, as follows:*

*"In addition to the Note, this Agreement secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising whether related or unrelated to the purpose of the Note . . ."*

**ANSWER:** Paragraph 47 does not contain an allegation to which Defendant Stejskal can respond. To the extent an answer is required; Defendant Stejskal admits that the Republic Security Agreement contains the quoted language.

48. *As stated in Count III of WM Capital's Second Amended Complaint, WM Capital claims that the security interest it holds in the Global Collateral through the Global Security Agreement is superior in priority to any liens, security interests, or other interests of any of the Defendants named herein and that its security interest has been perfected pursuant to the UCC financing statements filed in relation thereto.*

**ANSWER:** The allegations contained in Paragraph 48 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required; Defendant Stejskal adopts and incorporates its answers to Count III as if asserted herein.

49.     *If, in the alternative, the security interest allegedly created under Republic's Security Agreement in the Global Collateral should be found to be superior in priority to the interest granted to WM Capital through the Global Security Agreement, then WM Capital asserts its rights, along with Republic Bank, in the Global Collateral as per the Cross-Collateralization clause of Republic's Security Agreement.*

**ANSWER:**   The allegations contained in Paragraph 49 state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 49.

50.     *As stated in Count III of WM Capital's Second Amended Complaint, WM Capital claims that the security interest it holds in the Pledged Ownership Interest through the Global Pledge Agreement is superior in priority to any liens, security interests, or other interests of any of the Defendants named herein and are perfected pursuant to the UCC financing statements related thereto.*

**ANSWER:**   The allegations contained in Paragraph 50 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 50.

51.     *If, in the alternative, the security interest allegedly created under Republic's Security Agreement should be found to be superior in priority to the interest granted to WM Capital through the Global Pledge Agreement, then WM Capital asserts its rights, along with Republic Bank, in Stejskal's or any other person's ownership interest in Global, including, but not limited to, all dividends and rights to payment payable to Stejskal or any other person in connection with such ownership interest.*

**ANSWER:** The allegations contained in Paragraph 51 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 51.

52. *Under the terms of Republic's Security Agreement, Plaintiff is empowered to exercise all rights and remedies granted to it under such documents and the law of Illinois, including foreclosure against the Global Collateral, the Pledged Ownership Interest, and any other interests allegedly given as collateral under Republic's Security Agreement.*

**ANSWER:** The allegations contained in Paragraph 52 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 52.

53. *Plaintiff seeks to foreclose on its security interests in the Global Collateral and the Pledged Ownership Interest and any other interests allegedly given as collateral under Republic's Security Agreement.*

**ANSWER:** Paragraph 53 does not contain allegations to which Defendant Stejskal can respond. To the extent a responsive pleading is required, Defendant Stejskal lacks knowledge sufficient to form a belief as to the truth of any allegations contained in Paragraph 53 and, therefore, denies the allegations contained in Paragraph 53.

54. *Global is in default under Republic's Security Agreement for, among other reasons, its failure to make payments when due under the Stejskal Note, and, by reason of such defaults, Plaintiff is entitled to foreclose on, and seize, all of the Global Collateral, including all rights to payment that Global may have in connection with the Global Collateral, from the date of default to present and continuing.*

**ANSWER:** The allegations contained in Paragraph 54 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required; Defendant Stejskal denies all allegations inconsistent with the documents identified in Paragraph 54.

55.     *Global is in default under Republic's Security Agreement for, among other reasons, failure to make payments when due under the Stejskal Note, and by reason of such defaults, Plaintiff is entitled, pursuant to the security interest allegedly created under Republic's Security Agreement, to foreclose on, and seize, all of the Pledged Ownership Interest and any other interests allegedly given as collateral under Republic's Security Agreement, including all rights to payment that Stejskal may have in connection with the Pledged Ownership Interest, from the date of default to present and continuing.*

**ANSWER:**   The allegations contained in Paragraph 55 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required; Defendant Stejskal denies all allegations inconsistent with the documents identified in Paragraph 55.

56.     *Plaintiff has been required to retain legal counsel for the prosecution of this action and has been required to incur attorneys' fees, court costs and other expenses as a result of Global's failure to comply with its obligations under the Stejskal Note.*

**ANSWER:**   The allegations contained in Paragraph 56 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations inconsistent with the documents identified in Paragraph 56 and lacks knowledge sufficient to form a belief as to the truth of any allegations related to WM's attorney's fees and, therefore, denies all such allegations.

57.     *Pursuant to the Republic's [sic] Security Agreement, Plaintiff is entitled to its attorney's fees, costs and expenses.*

**ANSWER:**   The allegations contained in Paragraph 57 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 57.

WHEREFORE, Defendant Stejskal respectfully requests that the Court enter judgment in

its favor and against WM as to Count IV of the Complaint, and that this Court award Defendant

Stejskal its costs of suit.

## COUNT V BREACH OF
## GUARANTY
### (Against Robert J. Stejskal)

58.    *Plaintiff adopts and realleges Paragraphs 10, 11, 13, 14, 20 and 21 above as though fully set forth and incorporated herein.*

**ANSWER:**  Defendant Stejskal adopts and realleges its answers to Paragraphs 10, 11,

13, 14, 20, and 21 as if fully set forth herein.

59.    *On or about July 7, 2011, Edgebrook Bank made a loan to Baja River East, LLC in the original principal amount of $150,000.00 (the "**Baja River Loan**") in connection with the Borrower's acquisition and operation of a restaurant known as the Quay Restaurant in Chicago, Cook County, Illinois. The Baja River Loan is evidenced by a Promissory Note dated July 7, 2011, executed by Baja River East, LLC to the order of Edgebrook Bank in the principal amount of $150,000 (the "**Baja River Note**"), a copy of which is attached hereto as **Exhibit "G"**.*

**ANSWER:**  The allegations contained in Paragraph 59 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required; Defendant

Stejskal denies all allegations inconsistent with the documents identified in Paragraph 59.

60.    *On or about November 25, 2014, and prior thereto, Edgebrook Bank and the Baja River East, LLC modified the Baja River Loan, to modify the interest rate and extend the maturity date to February 10, 2015, as evidenced by a Change In Terms Agreement, executed by Borrower to the order of Edgebrook Bank, a true and correct copy of which is attached hereto as **Exhibit "H"**.*

**ANSWER:**  The allegations contained in Paragraph 60 state a legal conclusion to which

no responsive pleading is required. To the extent a responsive pleading is required; Defendant

Stejskal denies all allegations inconsistent with the documents identified in Paragraph 60.

61.     *The Baja River Loan is secured, in part, by a Commercial Guaranty dated July 7, 2011, by Stejskal, in favor of Edgebrook Bank (the "Stejskal Guaranty"), a true and correct copy of which is attached hereto as Exhibit "J".*

**ANSWER:**   The allegations contained in Paragraph 61 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required; Defendant Stejskal denies all allegations inconsistent with the documents identified in Paragraph 61.

62.     *Pursuant to the Stejskal Guaranty, Stejskal agreed, inter alia, to fully and promptly pay when due each and every debt, liability and obligation of Baja River East LLC under the Baja River Loan, limited to a maximum aggregate liability of $25,000.00, as set forth in the Stejskal Guaranty.*

**ANSWER:**   The allegations contained in Paragraph 62 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required; Defendant Stejskal denies all allegations inconsistent with the documents identified in Paragraph 62.

63.     *The Stejskal Guaranty is a valid and enforceable contract.*

**ANSWER:**   The allegations contained in Paragraph 63 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 63.

64.     *Pursuant to the Stejskal Guaranty, Stejskal agreed to fully and promptly pay when due each and every debt, liability and obligation of Baja River East, LLC under the Baja River Loan, as amended, as set forth in the Stejskal Guaranty.*

**ANSWER:**   The allegations contained in Paragraph 64 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required; Defendant Stejskal denies all allegations inconsistent with the documents identified in Paragraph 64.

65.     *Baja River East LLC defaulted under the Baja River Note by failing to make payment of all outstanding principal and accrued interest upon the maturity date of the Baja River Note on February 10, 2015 and thereafter, and when Baja River East LLC filed a petition a Chapter 11 Bankruptcy Petition on June 19, 2015 (See Baja River Note, __Exhibit "G"__, Default provisions, page 1).*

**ANSWER:**  Defendant Stejskal admits that Baja River East, LCL filed a petition for Chapter 11 bankruptcy, but denies all other allegations identified in Paragraph 65.

66.     *Stejskal has breached his obligations under the Stejskal Guaranty by failing to pay the amounts due under the Stejskal Guaranty upon Baja River's default under the Baja River Note.*

**ANSWER:**  The allegations contained in Paragraph 66 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 66.

67.     *Failure to pay the amounts due under the Stejskal Guaranty is a breach of the Stejskal Guaranty.*

**ANSWER:**  The allegations contained in Paragraph 67 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Stejskal denies all allegations identified in Paragraph 67.

68.     *The Plaintiff has fully performed and fulfilled all of the terms and conditions of the Stejskal Guaranty that it agreed to perform and fulfill.*

**ANSWER:**  The allegations contained in Paragraph 68 state a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant

Stejskal denies all allegations identified in Paragraph 68.

    69.   *The Plaintiff has been damaged and continues to be damaged by Stejskal's breach of the Stejskal Guaranty.*

    **ANSWER:**  Defendant Stejskal denies all allegations identified in Paragraph 69.

    WHEREFORE, Defendant Stejskal respectfully requests that the Court enter judgment in its favor and against WM as to Count V of the Complaint, and that this Court award Defendant Stejskal its costs of suit.

Dated:  August 15, 2016           Respectfully submitted,

                                        ROBERT STEJSKAL

                                        /s/  John R. Madden

                                        Attorneys for Defendant Robert Stejskal

John R. Madden
Michael J. Morrisroe
MORRISROE & ASSOCIATES, LTD.
114 S. Bloomingdale Road
Bloomingdale, Illinois 60108
(630) 539-0880
jrm@morrisroelaw.com

<u>**CERTIFICATE OF SERVICE**</u>

       I, John R. Madden, an attorney, certify that the foregoing **Robert Stejskal's**

**Answer to Plaintiff's Second Amended Complaint** was filed electronically with the Clerk of the

Court using the CM/ECF system on this 15th day of August, 2016, and served electronically on the

following individuals:

Paul J. Richard
Kavanagh Grumley & Gorbold, LLC
111 North Ottawa Street
Joliet, Illinois 60434

Josh Goldberg
Carpenter Lipps & Leland LLP
180 North LaSalle Street
Suite 2640
Chicago, Illinois 60601

Jonathan M. Cyrluk
Carpenter Lipps & Leland LLP
180 North LaSalle Street
Suite 2640
Chicago, Illinois 60601

Steven Christopher Moeller
Carpenter Lipps & Leland LLP
180 North LaSalle Street
Suite 2640
Chicago, Illinois 60601

Terence D. Brennan
Goldstein & McClintock, LLLP
208 S. LaSalle Street
Suite 1750
Chicago, Illinois 60604

Thomas R. Fawkes
Goldstein & McClintock, LLLP
208 S. LaSalle Street
Suite 1750
Chicago, Illinois 60604

Brian J. Jackiw
Goldstein & McClintock, LLLP
208 S. LaSalle Street
Suite 1750
Chicago, Illinois 60604

Edward P. Freud
Ruff, Ferud, Breems, & Nelson, Ltd.
200 North LaSalle Street
Suite 2020
Chicago, Illinois 60601

           /s/ John R. Madden